ON MOTION TO ENTER JUDGMENT IN ACCORDANCE WITH MANDATE
LEHAN, Judge.
Appellant has filed a motion to require the trial court to enter judgment in accordance with the mandate previously issued by this court on July 6, 1983. This ease arose out of a dispute between appellant, a lessee, and appellees, the lessors, over the meaning of a lease provision that air conditioning would be provided “during usual business hours.”
In our opinion issued June 17, 1983, we stated that the lessee was entitled to air conditioning from 8:00 a.m. to 6:00 p.m. on weekdays and from 9:00 a.m. to 1:00 p.m. on Saturdays. We also held that the trial court did not err in rejecting the lessee’s argument that air conditioning should be provided from 6:00 p.m. to 9:00 p.m. on weekdays. 433 So.2d 36.
The trial court had previously entered a temporary injunction requiring lessor to provide air conditioning from 8:00 a.m. to 9:00 p.m. on weekdays and from 9:00 a.m. to 1:00 p.m. on Saturdays. After remand by this court, the lessee asked the trial court to enter a permanent injunction requiring lessor to provide air conditioning from 8:00 a.m. to 6:00 p.m. on weekdays and from 9:00 a.m. to 1:00 p.m. on Saturdays, in accordance with this court’s opinion, and to dissolve the temporary injunction and deny a permanent injunction as to the hours of 6:00 p.m. to 9:00 p.m. on weekdays. The trial court refused to enter *253 the requested permanent injunction, stating that “[t]he hours for air-conditioning noted in the [appellate court] decision were not in controversy and any need for an injunction had been rendered moot.”
We have reviewed portions of the transcript of the trial in this case, and we believe that some of the hours for air conditioning noted in our opinion were in controversy, specifically the hours of 5:00 p.m. to 6:00 p.m. on weekdays and 9:00 a.m. to 1:00 p.m. on Saturdays. Lessee’s witnesses testified variously that the office had no air conditioning after 5:00 p.m., 5:30 p.m., or 6:00 p.m. on weekdays. Lessor’s witnesses testified that the air conditioning was shut off at 5:00 p.m. or shortly thereafter and that the building remained comfortable until 6:00 p.m.
As to the Saturday hours, lessee’s witnesses testified that no air conditioning was provided. Lessor’s witnesses stated that they considered 9:00 a.m. to 1:00 p.m. to be “usual business hours” and that their policy was to provide air conditioning during those hours at a tenant’s request. However, there was some testimony by lessee’s employees that no air conditioning was provided even after requests were made to the lessor or its agents.
Accordingly, we find that the providing of air conditioning during the hours of 9:00 a.m. to 1:00 p.m. on Saturdays and 5:00 p.m. to 6:00 p.m. on weekdays was in controversy and that the trial court erred in refusing to enter a permanent injunction as to those hours.
Appellee has argued that the trial court’s refusal to enter the order imposing the injunction is not appealable because portions of a counterclaim in the case remain pending. However, the denial of an injunction is appealable ■ under Florida Rules of Appellate Procedure 9.130(a)(3)(B).
DANAHY, A.C.J., and SCHOONOVER, J., concur.